the property; that the masters of the schooners had no right to interfere, and having been warned off, must be considered as intruders and wrongdoers; that they had no claim for compensation or salvage on the property they picked up; that their services and labor inured to him; that he was entitled to the same salvage upon this iron as upon the cargo which he saved; and prayed for a decree accordingly. An answer was filed for the owners, admitting the facts as alleged by the libellant, and his rights as claimed. The masters of the schooners were notified of the pendency of the suit, but did not appear.

F. C. Loring, for libellant and owners.

BY ORDER OF THE COURT, a decree was entered for the libellant, allowing him fifty per cent. of the proceeds of the iron as salvage, according to the prayer of the libel, and the balance was ordered to be paid to the owners.

---

## Case No. 11,497.

QUANTITY OF MANUFACTURED TOBACCO.

[Affirming Case No. 16,106a. Nowhere reported; opinion not now accessible.]

---

## Case No. 11,498.

QUANTITY OF MANUFACTURED TOBACCO.

[See Case No. 16,106a.]

---

## Case No. 11,499.

QUANTITY OF MANUFACTURED TOBACCO.

[10 Ben. 447.] [1]

District Court. S. D. New York. May, 1879.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION — "COMMON LAW CAUSE"— SUIT IN REM FOR FORFEITURE.

1. A suit in rem for forfeiture of property by reason of violation of the internal revenue laws is a "common law cause," within the meaning of Rev. St. U. S. § 916 (re-enacting the statute of 1872, c. 255, § 6; 17 Stat. 197), which provides that "the party recovering a judgment in any 'common law cause' in any circuit or district court shall be entitled to similar remedies upon the same by execution or otherwise to reach the property of the judgment debtor as are now provided in the like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted, which may be adopted by general rules of such circuit or district court."

2. In such a case, after return of execution against the stipulators unsatisfied, proceedings supplementary to execution in accordance with the laws of New York are properly taken.

At law.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Edward B. Hill, Asst. U. S. Dist. Atty. Birdseye, Cloyd & Bayliss, contra.

CHOATE, District Judge. The property seized in this case for violation of the internal revenue laws, having been bonded and judgment having been entered against the stipulators, and the execution returned unsatisfied, the informants have taken out an order for the examination of the stipulators in proceedings supplementary to execution, pursuant to the provisions of the statutes of the state of New York. It is now objected that this is not a common law cause within the meaning of Rev. St. § 916, by which section it is provided that "the party recovering a judgment in any common law cause in any circuit or district court, shall be entitled to similar remedies upon the same by execution or otherwise to reach the property of the judgment debtor, as are now provided in the like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted, which may be adopted by general rules of such circuit or district court." This section is a re-enactment of St. 1872, c. 255, § 6 (17 Stat. 197). This statute in section 5 refers to the practice, pleading and modes. of proceeding in "other than equity and admiralty causes in the circuit and district courts." Section 6 provides for remedies by attachment and on execution, similar to those in the state courts in "common law causes in the circuit and district courts." The expressions here used to distinguish between the different classes of civil causes of which the circuit and district courts have jurisdiction are similar to the expressions used in the judiciary act, so called [1 Stat. 73], "suits of a civil nature at common law or in equity." The words thus used in that act have been held to be used by way of distinction from "suits in admiralty," another principal branch of the jurisdiction of the federal courts in civil causes. And the expression, "suits of a civil nature at common law," have been held to be not exclusively such suits as in respect to the nature of the cause of action or the method of proceeding were maintainable at the common law; but to include suits to enforce legal as distinguished from equitable rights, though authorized wholly by statute and prosecuted by a form of procedure not according to the forms of the common law. Parsons v. Bedford, 3 Pet. [28 U. S.] 433; U. S. v. Block 121 [Case No. 14,610]. The statute of 1872 makes a similar distinction, and must obviously have a similar construction; and a proceeding to enforce a forfeiture like the present suit is a "suit of a civil nature at common law," or "a common law cause" within the meaning of this act, as distinguished from an equity or an admiralty cause. It is brought to enforce a "legal" as distinguished from an "equitable" right. It has no reference whatever to any maritime right or obligation. It cannot, therefore, be considered an admiralty cause.